UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CASE NO. 1:07-CV-53-M

**JOHN W. LANCASTER II**                                                                                          **PLAINTIFF**

V.

**CITY OF ELKTON**                                                                                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon cross- motions for summary judgment.(DN 14, DN 15). Fully briefed, these matters are ripe for consideration. For the following reasons, the Plaintiff's motion for summary judgment is **DENIED** and the Defendant's motion for summary judgment is **GRANTED**.

**I. FACTS**

Plaintiff John Lancaster was hired in 2004, by the Defendant, the City of Elkton (Kentucky), to work as an officer for the Elkton Police Department. In March and April of 2005, the Plaintiff received warnings for missing court appearances. As a result, he was reprimanded and his probation period was extended for three months - through mid-September 2005. The Police Department also received verbal complaints regarding the way the Plaintiff communicated with the public, but the City did not formally bring charges against the Plaintiff as a result of these complaints.

On September 29, 2005, the City of Elkton was notified that the city's largest private employer was closing its plant in Elkton, thereby eliminating four hundred and eighty-five jobs. The City feared that this plant closing would drastically reduce its tax base and have a serious financial impact on the City. As a result, Mayor John Walton decided to eliminate one to two police officers from the force of eight. The Mayor testified that it was decided that the Plaintiff should be the

officer that was laid off because he was the last officer to be hired. The second position was supposed to be eliminated through attrition, but the City ultimately ended up permanently eliminating only Plaintiff Lancaster's position. Both the Mayor and the Chief of Police, Gerald Barnett, helped the Plaintiff obtain subsequent employment as a police officer with the City of Guthrie.

On October 21, 2005, Chief Barnett retired and Sergeant Bruce Marklin was promoted to Chief. Subsequently, the City advertised an opening for a police officer position per its usual procedure. The Plaintiff did not apply for the position or contact anyone associated with the City about his interest in the vacancy until after the position had been filled. Shortly afterward, the Plaintiff called Chief Marklin and asked why he had not been called about the opening. The Chief explained that he had assumed that the Plaintiff was happy with his job with the City of Guthrie and that he did not think it was appropriate to recruit him back from Guthrie after the former Chief had helped the Plaintiff get a job there. Thereafter, the City of Elkton advertised for two more openings for police officer positions, but the Plaintiff was not considered for either of these positions.

On March 19, 2007, the Plaintiff filed suit against the City of Elkton for the violation of his rights under K.R.S. 15.520; the Due Process Clause of the Fourteenth Amendment; and for breach of contract.[1] (DN 11). The parties have filed cross-motions for summary judgment.

## II. LEGAL STANDARD

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue

---

[1] In his Complaint, the Plaintiff also alleged that the Defendant had violated his rights under K.R.S. 95.765, but the Plaintiff has since conceded that this statute does not apply. (DN 16, p. 4).

of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252.

### III. ANALYSIS

**A. K.R.S. 15.520**

The Plaintiff contends that the Defendant violated his rights under K.R.S. 15.520 because he was terminated for cause and not, as the Defendant claims, for financial reasons.

K.R.S. 15.520 is known as the "Police Officers' Bill of Rights." It details the "administrative due process rights granted to police officers of local units of government" when they are subject to disciplinary hearings. See, e.g., Brown v. Jefferson County Police Merit Bd., 751 S.W.2d 23, 26 (Ky. 1988). The statute also limits a mayor's ability to discharge a police officer at will. Howard

3

v. City of Independence, 199 S.W.3d 741, 745 (Ky. Ct. App. 2005). It, however, only applies to the termination of an officer which is based upon a complaint of professional misconduct. McCloud v. Whitt, 639 S.W.2d 375 (Ky. Ct. App. 1982); see also Shelton v. Brown, 71 F.Supp.2d 708 (W.D.Ky. 1998), aff'd, 194 F.3d 1314 (6th Cir. 1999); Fee v. Hatfield, 1996 U.S. Dist. LEXIS 13734 (E.D. Ky. 1996).

The Plaintiff argues that K.R.S. 15.520 applies here because he was discharged for police misconduct and that the City only claims that he was terminated for financial reasons to circumvent the protections guaranteed to him under K.R.S. 15.520. As evidence of this pretext, the Plaintiff points to the fact that the City hired three officers after he was let go and after he expressed his desire to return to work for the City. According to the Plaintiff, summary judgment is inappropriate on this claim because a genuine issue of fact exists regarding the Defendant's true motive for terminating the Plaintiff.

The Plaintiff's argument fails, however, because there is absolutely no evidence upon which a jury could reasonably find that the Plaintiff was terminated for misconduct. The Plaintiff offers nothing, other than his suspicions, to support his conclusion that he was terminated for misconduct. The misconduct he refers to occurred during his probationary period. The City's response to the misconduct was simply to extend his probationary period, which he successfully completed. It makes little sense to think the City wished to terminate the Plaintiff for his misconduct and decided to wait to do so until his probationary period expired.

Chief Bruce Marklin, who was a sergeant at the time the Plaintiff was let go, has testified that Mayor Walton held a meeting with himself and then-Chief Barnett in the Fall of 2005 and told them that there was a good possibility that the department would lose one or two officers since Flynn

Enterprises was closing. Chief Barnett testified that he decided that Plaintiff should be the officer who was let go because he was the last officer to be hired. Nothing has been offered by the Plaintiff to show that this explanation is not legitimate.

All of the Plaintiff's evidence, and the source of his suspicions, centers on why he was not re-hired. After his termination, the police department's size was reduced from eight to seven officers. Within twelve months of his promotion, Chief Marklin hired three officers. The Plaintiff argues that if he had actually been let go for financial reasons, and not for misconduct, Chief Marklin would have called him and offered him one of those positions. Indeed, after the first officer was hired, the Plaintiff called Chief Marklin at home and asked the Chief why he had not been called back. Chief Marklin explained that he had assumed that the Plaintiff was happy with his job with the City of Guthrie because he had not applied for the open position. Despite the phone call, the Plaintiff was not considered or called back for either of the following two openings. The Defendant points out that the Plaintiff never submitted an application for any of the open positions. The Plaintiff responds by arguing that he should have been contacted because Chief Marklin and the City knew, or should have known, that he wanted his old job back.

It is reasonable to conclude that after the Plaintiff called him about the first opening, Chief Marklin knew, or at least should have known, that the Plaintiff wanted to be re-hired by the Elkton Police Department. Despite two additional openings, one after the filing of the lawsuit, the Plaintiff was not contacted and not re-hired. However, the fact that the Plaintiff was not rehired does not establish that he was terminated for misconduct. Drawing all inferences, reasonable and otherwise, in favor of the Plaintiff, it simply means, at most, that Chief Marklin and the current Mayor, did not want to re-hire him. Even if one assumes that they did not wish to re-hire him because of

5

misconduct while an officer, that does not prove that his termination was for misconduct. Chief Marklin and the current Mayor did not make the initial decision to terminate Plaintiff's employment—Mayor Walton did. Mayor Walton's unrefuted testimony was that the Plaintiff was a good officer and that if he had submitted an application for an open position while he was Mayor, he would have hired him back.

Furthermore, to the extent the Plaintiff argues that the hiring of three new officers establishes that City's alleged reason for discharging the Plaintiff was pretextual, the Court disagrees. The evidence shows that despite these new hires, the Elkton Police Department did not increase in size since the new officers were hired to fill positions that were vacated by retiring officers.

Finally, to the extent that the Plaintiff relies upon both Laux v. City of Oak Grove, 2004 U.S. Dist. LEXIS 27768 (W. D. Ky. 2004), and Artrip v. City of Hopkinsville, 2008 U.S. Dist. LEXIS 1115 (W. D.Ky. 2008), the Court finds that they are easily distinguishable from the case at bar. In both Laux and Artrip, the court held that a police officer's rights had been violated because the officer was disciplined and/or dismissed for *misconduct* without being afforded the due process rights set forth in K.R.S. 15.520. Here, based on the evidence presented by the Plaintiff, no reasonable jury could conclude that the Plaintiff was discharged for misconduct. Therefore, K.R.S. 15.520 is inapplicable.

The Court holds that the City is entitled to judgment as a matter of law on this claim.

**B. Procedural Due Process**

The Plaintiff also contends that his procedural due process rights under the Fourteenth Amendment were violated because he was dismissed from employment without any pre-termination procedure.

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law..." U.S. Const., Amend. XIV, § 1. The Sixth Circuit has held that a court should undertake a two-step analysis when considering claims for the violation of due process rights. Mitchell v. Fankhauser, 375 F.3d 477, 480 (6th Cir. 2004). First, the court must determine whether the Plaintiff has a "life, liberty, or property" interest entitled to due process protection. Id. Second, if the court finds that the Plaintiff has a protected interest, it must then determine what process is due. Id.

To prevail on his due process claim, then, the Plaintiff must have a property interest in continued employment with the City. If the Plaintiff does not have a property interest in his position, then he is not entitled to any pre-deprivation process. See, e.g., Curby v. Archon, 216 F.3d 549, 553 (6th Cir. 2000). "A property interest exists and its boundaries are defined by 'rules or understandings that stem from an independent source such as state law-- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Id. (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). Thus, to determine whether the Plaintiff had a property interest in continued employment with the City, the Court must look to Kentucky law.

The Plaintiff argues that he has a property interest in continued employment with the City based upon K.R.S. 15.520. However, a Kentucky court has held that if K.R.S. 15.520 is inapplicable, then a mayor has the authority to terminate police officers at will "for any cause or no cause." Howard v. City of Independence, 199 S.W.3d 741, 745 (Ky. Ct. App. 2005). Thus, because the Court has has already determined that this statute is inapplicable to the case at bar, the Court likewise holds that this statute does not provide the Plaintiff with a property interest in his continued employment with the City that entitled him to the due process protections of the Fourteenth

Amendment. Therefore, the Defendant's motion for summary judgment as to the Plaintiff's procedural due process claim is **GRANTED**.

## C. Breach of Contract

The Plaintiff also claims that the Defendant breached an implied contract with the Plaintiff by failing to automatically reinstate him once the Elkton Police Department had an open position since the Plaintiff had only been "laid off" and not terminated or discharged. The Plaintiff, however, has cited no legal authority in support of this position. For this reason, the Court holds that the Defendant is entitled to summary judgment on this claim as well.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's motion for summary judgment is **DENIED** and the Defendant's motion for summary judgment is **GRANTED**. **IT IS SO ORDERED**.

cc: Counsel of Record